Citation Nr: 21049981
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 15-05 238
DATE: August 13, 2021

ORDER

Entitlement to service connection for renal cell carcinoma, to include removal of a kidney, is denied.

FINDING OF FACT

The preponderance of the evidence is against finding that renal cell carcinoma began during active service or is otherwise related to an in-service injury or disease. 

CONCLUSION OF LAW

The criteria for service connection for renal cell carcinoma are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from January 1966 to November 1967.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2014 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. 

In March 2018, the Veteran and his wife testified at a hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the claims file. In May 2018 and April 2020, the Board remanded the claim for further development. The claim now returns to the Board for consideration. 

The Veteran contends that he has renal cell carcinoma due to herbicide exposure in service. VA regulations provide presumptive service connection for certain diseases that are associated with exposure to herbicide agents. 38 U.S.C. § 1116; 38 C.F.R. § 3.307(a)(6) and 3.309(e). While the evidence shows a diagnosis of renal cell carcinoma, it is not a disease presumed related to herbicide exposure under 38 C.F.R. § 3.309. Notwithstanding the foregoing presumptive provisions, a veteran is not precluded from establishing service connection for a disability due to exposure to herbicides with proof of direct causation. Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994).

Service connection under the theory of direct causation requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

A December 2012 medical record indicated a diagnosis of renal cell carcinoma with left nephrectomy, and the Veteran has presumed herbicide exposure based on his service in Vietnam under 38 C.F.R. § 3.307(a)(6). Hence, the question for the Board is whether the Veteran's renal cell carcinoma began during service or is at least as likely as not related to his herbicide exposure.

The Veteran's STRs do not show a complaint or manifestation of kidney problems in service or at discharge. Rather the evidence shows renal cell carcinoma manifested many years later. 

The May 2020 VA examiner opined that the Veteran's renal cell carcinoma was less likely than not related to service. The examiner's rationale was that there is no direct link between agent orange exposure as a causative agent of renal cell cancer that is currently documented in the medical literature. The examiner's opinion is probative, because it is based on an accurate medical history and provides an explanation that contains clear conclusions and support. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). As a result, the Board finds that the examiner's opinion is entitled to significant weight. 

The Veteran has not presented or identified any contrary medical opinion that supports the claim for service connection. VA adjudicators are not free to ignore or disregard the medical conclusions of a VA physician, and are not permitted to substitute their own judgment on a medical matter. Colvin v. Derwinski, 1 Vet. App. 171 (1991); Willis v. Derwinski, 1 Vet. App. 66 (1991). 

The issue here is medically complex; the etiology of cancer involves internal and unseen system processes unobservable by a lay person and requires medical expertise and training to ascertain the underlying cause of the cancer. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Therefore, it is outside the competence of the Veteran and his representative because the record does not show that they have the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the above opinion of the May 2020 VA examiner. 

 

After a sympathetic review, the Board finds that the preponderance of the evidence is against this service connection claim, and the claim must be denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 

 

 

Nathaniel J. Doan

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board AD

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.